UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FULLER MARINE SERVICES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 2:15-cv-212-NT |
| F/V WESTWARD, official number 690723, gear, tackle, anchors, etc., *in rem*, | ) ) ) ) ) ) |
| Defendant. | ) |

**ORDER ON MOTION TO REMOVE DEFAULT**

Two hours before I was to begin a hearing to determine the value of the salvage lien on the *Westward*, the owner of the vessel, Dennis Murphy, filed a Motion to Remove Default. ECF No. 28. The motion raises a number of issues, none of them sufficient under Rule 60 to set aside the default. Fed. R. Civ. P. 60.

First, Murphy contends that he "recently [became] aware of this action" and "questions whether he was afforded adequate notice." Motion to Remove Default 2.[1] The statute requiring notice provides that "[a]ctual notice of a civil action brought . . . to enforce a maritime lien, must be given in the manner directed by the court to . . . the master or *individual in charge of the vessel*. 46 U.S.C. § 31325(d)(1)(A). The motion states that "Mr. Murphy had left the WESTWARD in the care of Dennis

---

[1] Murphy also states that there is no evidence that the other record lienholders have been notified of the vessel's arrest. It is not clear that Murphy has standing to raise claims of the lienholders. Nevertheless, the record provides evidence that the lienholders were notified by certified mail. ECF Nos. 21 and 21-1.

Sheehy, who apparently failed to attend properly to the vessel." Motion to Remove Default 2. On June 22, 2015, I had a conference in this case and James Sheehy appeared by telephone. During that conference, Sheehy stated that he was the *Westward*'s agent and was working with the Plaintiff to settle the case and move the vessel to Portland. The Plaintiff filed an affidavit showing that he sent Sheehy by certified mail copies of all "pleadings notices and court orders" and that he sent an additional copy of those documents by certified mail to Murphy c/o Sheehy. ECF Nos. 21 and 21-1. At the conference, Sheehy indicated he had not yet sent the notice of the suit to Murphy but that he would hunt him down within a week and get him the information. Two days later, the Plaintiff reported that although he met with Sheehy, settlement was not achieved. ECF No. 16.

It is clear from the record that Sheehy was serving as the individual in charge of the vessel while Murphy was working at sea or otherwise unavailable. Therefore, I find that the Plaintiff met its obligation under section 31325(d)(1)(A) to provide actual notice to the "master or individual in charge of the vessel."

Without citing to any authority, Murphy next contends that the salvage lien does not attach to the vessel's fishing permits and that the Plaintiff's salvage claim is overvalued. Murphy claims that "if the salvor's claims are overvalued, and the salvor is permitted to bid based on an overvalued lien at auction, it will stifle the bidding and will diminish funds available to other lienholders. A better solution is to allow the vessel to be auctioned, with the value apportioned between vessel and her 'permits.'" Motion to Remove Default at 2-3. I disagree. In *Gowen v. F/V Quality*

*One*, 244 F.3d 64, 67-70 (1st Cir. 2001), the court held that a vessel's fishing permits were appurtenances to the vessel and therefore subject to a lien on the vessel. The *Gowen* court made no distinction between contract liens and salvage liens and I see no reason to do so either.

Accordingly, I find no basis to remove or set aside the default under Rule 60.

## CONCLUSION

The Motion to Remove the Default is **DENIED**.

**SO ORDERED**.

/s/ Nancy Torresen  
United States Chief District Judge

Dated this 24th day of September, 2015.